**UNITED STATES of America Plaintiff–Appellee,**

v.

**Salma NAYABKHIL Defendant–Appellant.**

**No. 00–10640.**
**D.C. No. CR–98–00040–FCD.**

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Nov. 5, 2001.

Decided Nov. 9, 2001.

Fed. R.App. P. 34(a)(2).

Before FERNANDEZ, RYMER, and WARDLAW, Circuit Judges.

## MEMORANDUM *

Salma Nayabkhil appeals her conviction and sentence, after a jury trial, for two counts of procuring false documents in connection with naturalization in violation of 18 U.S.C. § 1425. We have jurisdiction pursuant to 18 U.S.C. § 3742 and 28 U.S.C. § 1291.

■ Nayabkhil first argues that the district court violated her Sixth Amendment right of confrontation by limiting cross-examination of a prosecution witness regarding his fear of losing his citizenship. We disagree. Because Nayabkhil failed to offer any evidence that supported her proposed line of inquiry, allowing the topic to be pursued could have planted an unfounded, and highly prejudicial, suspicion in the jury's mind. *United States v. McClintock,* 748 F.2d 1278, 1290 (9th Cir.1984). The district court did not abuse its discretion by requiring that Nayabkhil lay a foundation for her proposed line of inquiry.

■ Next Nayabkhil argues that the district court erred in refusing to instruct the jury on a prosecution witness's prior stolen property conviction. This argument, too, is without merit. Nayabkhil did not object to the jury instruction at trial. Because the district court gave adequate instructions on each element of the case, and the instructions were not misleading and did not misstate the law, the rejection of Nayabkhil's proposed jury instruction does not rise to the level of plain error. *See United States v. Tavakkoly,* 238 F.3d 1062, 1066 (9th Cir.2001).

■ Lastly, Nayabkhil contends that the government did not carry its burden of establishing, even by a preponderance of the evidence, that the offense involved 100 or more sets of fraudulent documents for the purpose of adding six levels to Nayabkhil's sentence. We agree that the record lacks an articulated basis for upholding the district court's determination that Nayabkhil falsified 100 or more tests. We express no opinion on whether the govern-

---

\* This disposition is inappropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by 9th Cir. R. 36–3.

ment can meet its burden of proof on remand that 100 or more tests were falsified. We simply hold that absent an articulated basis, the six level increase cannot be justified. We therefore reverse the district court's imposition of a six level increase in the offense level pursuant to U.S.S.G. § 2L2.1(b)(2)(C) and vacate the sentence. We remand for the limited purpose of redetermining the offense level under U.S.S.G. § 2L2.1, and for resentencing in accordance with that recalculation. Otherwise, the conviction and sentence are affirmed.

AFFIRMED in part, REVERSED and REMANDED in part.